

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **GILBERTO FRANCO,** | ) | **Docket No. 2021-06-0167** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 800136-2021** |
| **JAIME RIVERA and OSCAR** | ) | |
| **SANCHEZ, d/b/a J&O** | ) | **Judge Joshua Davis Baker** |
| **CONSTRUCTION AND** | ) | |
| **REMODELING,** | ) | |
| **Employer.** | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court held an expedited hearing based on a review of the record without an evidentiary hearing and gave the parties until April 19, 2022, to file position statements and object to the admissibility of documents.

Mr. Franco requested temporary disability and reimbursement of medical expenses for an ankle fracture that occurred while working for J&O Construction and Remodeling, which did not respond.

For the reasons below, the Court holds Mr. Franco is likely to prevail in proving he suffered a work injury and is entitled to medical benefits. However, because he did not present any evidence of loss to support an award, the Court must deny his request at this time.

### Claim History

According to Mr. Franco's petition and declaration, J&O Construction hired him to work as a carpenter for $15 per hour. On February 12, 2021, he fell from a ladder on a jobsite and fractured his ankle.

Within a month of his injury, he filed a petition alleging that J&O Construction did not have workers' compensation insurance and had not provided any benefits. His allegation prompted a Bureau investigator to complete an Expedited Request for Investigation form.

On the form, the investigator reported that Mr. Franco told her J&O Construction employed seven people, and she verified – through an NCCI search – that J&O Construction had no workers' compensation insurance policy.

On his petition, Mr. Franco reported a Tennessee address and checked a series of boxes explaining his claim. According to those boxes and his brief explanations, he reported his injury to "jaimie & oscar" but did not receive a panel, so he treated on his own with "Dr. Mitchell." The doctor took him off work from "2/12/21-3/4/21," which was the date of his injury to the date he filed his petition.

Similarly, in his declaration, Mr. Franco alleged that he had been disabled from working for months because of his ankle fracture. He asked for help from J&O Construction but did not receive any, and he has "collections calling [him] to pay [his] hospital bills."

### Findings of Fact and Conclusions of Law

Mr. Franco need only present sufficient evidence at this stage that he is likely to prevail at a final hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

First, Mr. Franco must show that he suffered an injury while working for an employer subject to the Workers' Compensation Law.

An employer uses "the services of not less than five (5) persons for pay[.]" Tenn. Code Ann. §§ 50-6-102(13), 50-6-106(5). A work injury is "an injury by accident . . . arising primarily out of and in the course and scope of employment that causes . . . the need for medical treatment." Tenn. Code Ann. § 50-6-102(14).

Here, Mr. Franco stated in his petition and declaration he fractured his ankle in a fall from a ladder at work. That assertion is unrefuted. And, an ankle fracture certainly requires medical treatment. Mr. Franco asked J&O Construction for treatment but did not receive a panel of physicians, forcing him to obtain his own treatment.

Mr. Franco also provided unrefuted evidence that seven people worked for J&O Construction. Additionally, the investigator performed an NCCI search and found no workers' compensation insurance. So, the Court finds he worked for an uninsured

2

employer subject to the Workers' Compensation Law, and he suffered a work injury necessitating treatment.

Even so, Mr. Franco presented no evidence showing an amount owed or spent on treatment, nor any documentary evidence proving his treatment resulted from his "compensable work injury or that the expenses were reasonable and necessary." *Mollica v. EHHI Holdings, Inc.*, 2020 TN Wrk. Comp. App. Bd. LEXIS 22, at *7 (Apr. 21, 2020).

Further, Mr. Franco did not produce any medical evidence other than his own hearsay testimony showing that his injury disabled him from work. *See Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Without this information, Mr. Franco cannot prove a loss, and therefore, the Court cannot discern which benefits he is owed, including whether he needs treatment presently.

In sum, the Court holds that Mr. Franco is unlikely to prevail on his request for temporary disability benefits and reimbursement of medical expenses without additional evidence proving the amount of loss his work injury imposed. However, he is entitled to a panel of physicians.

When an injury requires medical care, an employer is obligated to provide a panel of physicians. Tenn. Code Ann. § 50-6-204(a)(3)(A)(i). The employer must offer the panel "as soon as is practicable but no later than three (3) business days" after being notified of the injury and the request for medical care. Tenn. Comp. R. & Regs. 0800-02-01-.06(1) (2018). Where the employer fails to provide a panel, the employer may be assessed a civil penalty. *Id*. at 0800-02-01-.06(2).

J&O Construction must give Mr. Franco a panel of physicians. Further, because J&O Construction ignored its legal obligation to provide Mr. Franco a panel of physicians, the Court refers it to the Compliance Unit of the Bureau of Workers' Compensation for appropriate action, if any, based on its failure to provide a panel of physicians as required by the Workers' Compensation Law.

Lastly, because J&O Construction did not have insurance, Mr. Franco may be eligible to apply for *discretionary benefit payments* from the Bureau's Uninsured Employers Fund. *See* Tenn. Code Ann. § 50-6-802(e)(1). However, because Mr. Franco failed to prove any of his losses, the Court reserves ruling on this issue.

**IT IS ORDERED** as follows:

1. The Court denies Mr. Franco's request for temporary disability and reimbursement of medical expenses at this time.

3

2. J&O shall provide Mr. Franco a panel of physicians as required by Tennessee Code Annotated section 50-6-204(a)(3)(A)(i).

3. The Court refers J&O Construction to the Compliance Unit of the Bureau of Workers' Compensation for appropriate action based on its failure to provide a panel of physicians within the deadline under Tennessee Compilation Rules and Regulations 0800-02-01-.06(1).

4. The Court sets this claim for **a status hearing on May 16, 2022, at 11:00 a.m. Central Time.** The parties must call (615) 741-2113 or toll-free at (855) 874-0474 to participate. Failure to call might result in a determination of the issues without the party's participation.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED May 4, 2022.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

## APPENDIX

1.  Petition for Benefit Determination filed March 4, 2021
2.  Dispute Certification Notice filed October 15, 2021
3.  Request for Expedited Hearing filed February 28, 2022
4.  Declaration of Gilberto Franco filed February 28, 2022
5.  Expedited Request for Investigation Report dated March 24, 2021

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on May 4, 2022.

| Name | Certified Mail | Via Fax | Via Email | Address |
|---|---|---|---|---|
| Gilberto Franco, Self-represented Employee | | | X | govismartinez@aol.com |
| Jamie Rivera, J&O Construction and Remodeling, Employer | X | | | 2610 Madison Ave. Clarksville, TN 37043 |
| Compliance Program | | | X | WCCompliance.Program@tn.gov |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*